JESUP et al. v. WABASH, ST. L. & P. RY. CO.

(Circuit Court, N. D. Ohio, W. D.   May 15, 1899.)

COSTS—MASTER'S FEE—RECOVERY OF INTEREST.

   Where a decree which, among other matters, fixed the fee of a special master without objection as to its amount, and awarded execution therefor against one of the parties, is appealed from and reversed, and the costs, including such fee, are taxed against the other party, the master is entitled to recover interest from such party from the time his fee was allowed.

On Motion to Retax Costs.

Rush Taggart, for Wabash, St. L. & P. Ry. Co.
Brown & Geddes and Wilson & Warren, for Bluford Wilson.

TAFT, Circuit Judge.   In the foreclosure of the Wabash Railway Case, a claim of James Compton, on certain equipment bonds, set up in the intervening petition, was referred to Bluford Wilson, as special master, and to this reference the Wabash Railway Company, by order of the court, was allowed to become a party.   On the 11th day of June, Bluford Wilson, as special master, filed his report finding that Compton's claim was valid, and was prior in right to certain mortgages under which the Wabash Railroad Company claimed.   To this the Wabash Railroad Company filed exceptions.   Judge Jackson sustained some of the exceptions, and overruled others.   He found that Compton was not entitled to a resale of property, but only to the right of redemption over prior mortgages.   The order made was that, if Compton failed to redeem the property, he should pay all the costs of the proceeding, including the fees of the special master, Bluford Wilson, fixed at $2,500, and, in default of payment, execution should issue; provided, further, that, if Compton should redeem the property, the costs of the proceeding, including the master's fee, should be taxed, one-third to Compton and two-thirds to the redemption fund, if paid into court, or to the Wabash Railroad, if a valid tender of redemption should be refused by said Wabash Company.   From this decree Compton appealed to the circuit court of appeals, which court certi-

fied certain questions to the supreme court.  The questions were answered by the supreme court so as to require the circuit court of appeals to enter a decree reversing the decree of the court below, which limited the remedy of Compton to the redemption, and finding that he was entitled to a resale, and for an accounting of the rents and profits of the railroad in the hands of the purchaser.  The circuit court of appeals further ordered that the Wabash Railroad Company, the appellee, pay all the costs of the proceeding in said consolidated cases in the circuit court, court of appeals, and in the United States supreme court, already incurred, taxed or to be taxed, and, in default of such payment, that execution should issue therefor, and that, as to costs to be made from the circuit court of appeals, the circuit court should make such order as equity might require.  Such a decree, in accordance with this mandate of the circuit court of appeals, was entered in the circuit court, and, acting thereunder, the clerk has taxed the costs already incurred, and has included, as part of the costs, interest on the master's fees of $2,500 from the 1st of July, 1892.  The contention of the Wabash Railroad Company is that the interest item is wholly unauthorized.

Section 966 of the United States Revised Statutes provides that "interest shall be allowed on all judgments in civil causes recovered in a circuit or district court and may be levied by the marshal under process of execution issued thereon in all cases where by the law of the state in which such court is held interest may be levied under process of execution; and it shall be calculated from the date of the judgment at such rate as allowed by law on judgments recovered in the courts of such state."  In Ohio, interest is allowed at the rate of 6 per cent. The claim by the Wabash Railroad Company in support of this motion is that the appeal of Compton, if it had the effect of setting aside the decree, left the claim of the master an unliquidated and unascertained claim, unsettled, subject to the approval of the court, which was not obtained until 1897.  I am clearly of opinion that the interest ought to be allowed in favor of the master.  There was no dispute over the amount due to the master.  The only question was who owed it.  Under the original decree, it was held that Compton owed the amount, and an execution might have issued in favor of the master against Compton at any time before the reversal.  If such execution had issued, the master would certainly have been entitled to recover interest against Compton, and, upon reversal, Compton would have been entitled to the costs which he had been obliged to pay in the lower court, under its decree subsequently adjudged to be erroneous. If this be correct, then I can see no escape for the Wabash Company from payment to the master of the interest which the master might have collected from Compton, and which Compton, in that case, might have collected from the Wabash Company, under the decree.  The fact that the master forebore to collect his $2,500 until it was finally settled who should have to pay it is no reason why he should not now collect the full amount due him, with interest.  The judgment in his favor has never been set aside.  It has only been decided that the Wabash Railroad Company is to pay it, instead of Mr. Compton.  The Wabash Railroad Company has suffered nothing from the master's

failing to collect it from Compton. If he had collected it from Compton, the Wabash Railroad Company would have had to pay interest. I do not see why it should not have to pay interest now. The claim is not an unliquidated, unascertained claim. It was never objected to, and never appealed from, in so far as its amount was originally adjudicated. The motion to retax the costs is overruled.